UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARCO PEREZ GARNICA,<br><br>    Petitioner,<br><br>vs.<br><br>RON FRAKER,<br><br>    Respondent. | NO. CV-11-008-JPH<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

BEFORE THE COURT is Petitioner's Motion for Reconsideration, ECF No. 25, whereby he appears to be asserting the District Court should issue a certificate of appealability. Petitioner did not note his motion for hearing as required by LR 7.1(h), Local Rules for the Eastern District of Washington. Because Petitioner is proceeding *pro se* the Court noted his motion on the date signed below. **PETITIONER IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT.**

By Order filed May 27, 2011, ECF No. 23, the Court denied Mr. Garnica's Motion for Equitable Tolling and dismissed the petition as time barred under 28 U.S.C. § 2244(d). The Court also found no basis to issue a certificate of appealability under 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner now attempts to re-allege the claims of his

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

federal habeas petition which has been deemed time-barred.

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Petitioner has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly-discovered evidence that would justify this Court taking a second look at the issue in question. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5. Petitioner's failure to demonstrate impediments which made it impossible for him to timely file a federal habeas petition, or the diligent pursuit of his rights, do not warrant equitable tolling of the federal limitations period under 28 U.S.C. § 2244(d), *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Court already determined there was no basis upon which to issue a certificate of appealability.

///

///

//

/

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

Accordingly, **IT IS ORDERED** Petitioner's Motion for Reconsideration, **ECF No. 25**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide a copy to Petitioner.

**DATED** this 27th day of June 2011.

　　　　　　　　　　s/ Edward F. Shea
　　　　　　　　　　EDWARD F. SHEA
　　　　　　　　　UNITED STATES DISTRICT JUDGE

Q:\Civil\2011\prisoner11cv008jph-6-27-denyrecon.wpd

ORDER DENYING MOTION FOR RECONSIDERATION -- 3